# United States Court of Appeals for the Federal Circuit

---

**WALTER G. LONG,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1669

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-1537, Senior Judge Mary J. Schoelen, Senior Judge Robert N. Davis, Chief Judge Margaret C. Bartley, Judge Amanda L. Meredith, Judge Coral Wong Pietsch, Judge Joseph L. Falvey, Jr., Judge Joseph L. Toth, Judge Michael P. Allen, Judge William S. Greenberg.

---

Decided: June 29, 2022

---

APRIL DONAHOWER, Chisholm Chisholm & Kilpatrick, Providence, RI, argued for claimant-appellant. Also represented by BARBARA J. COOK, ZACHARY STOLZ; MEGAN BRITTNEY HALL, Disabled American Veterans, Cold Spring, KY.

MEEN GEU OH, Commercial Litigation Branch, Civil

Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., LOREN MISHA PREHEIM; BRIAN D. GRIFFIN, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, *Chief Judge*, LOURIE and BRYSON, *Circuit Judges*.

Opinion for the court filed by *Chief Judge* MOORE.

Dissenting opinion filed by *Circuit Judge* BRYSON.

MOORE, *Chief Judge*.

Walter Long appeals a decision of the Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals denial of an extra-schedular rating for Mr. Long's bilateral hearing loss. *Long v. Wilkie*, 33 Vet. App. 167 (2020) (en banc). For the following reasons, we vacate and remand.

## BACKGROUND

Mr. Long served in the Air Force from 1969 to 1976 and spent most of that time as an air traffic control radar repairman, working without ear protection near active runways. In 2009, Mr. Long filed a disability compensation claim for hearing loss and tinnitus. The Department of Veterans Affairs (VA) found his hearing loss and tinnitus were service-connected and assigned Mr. Long a 0% disability rating for his hearing loss and a 10% disability rating for his tinnitus according to the schedular rating criteria set forth in 38 C.F.R. § 4.85.

Mr. Long appealed the VA's decision to the Board, arguing only that the VA should have referred the matter for extra-schedular consideration under 38 C.F.R. § 3.321(b)(1). According to Mr. Long, the schedular rating

criteria did not capture the functional effects of his hearing loss, including ear pain caused by his hearing aids. The Board rejected Mr. Long's argument.

The Veterans Court affirmed because it found no direct causal link between Mr. Long's ear pain and his service-connected hearing loss. Mr. Long appeals. We have jurisdiction under 38 U.S.C. § 7292(a).

## DISCUSSION

### I

Disability benefits are generally based on a schedule of ratings for specific injuries and diseases. 38 U.S.C. § 1155. However, extra-schedular consideration is available to a veteran when (1) the schedular rating criteria are inadequate to describe the severity and symptoms of his disability; (2) the disability is exceptional or unusual, such as because of marked interference with employment or frequent periods of hospitalization; and (3) the award of an extra-schedular disability rating is in the interest of justice. *Thun v. Shinseki*, 572 F.3d 1366, 1368 (Fed. Cir. 2009); 38 C.F.R. § 3.321(b)(1).

Here, the Veterans Court did not analyze Mr. Long's ear pain under the *Thun* factors. It instead held Mr. Long's ear pain does not warrant extra-schedular consideration simply because the court found no direct causal link between that pain and Mr. Long's service-connected hearing loss:

> Mr. Long's challenge to the Board's findings regarding ear pain falters due to a lack of linkage between the complaint and his hearing loss. He consistently attributed his ear pain to his use of hearing aids and not to hearing loss. He testified to this effect at his Board hearing. And at no point has he shown competent evidence associating his pain with his hearing loss. Without sufficient evidence that the alleged unusual functional

>     impairment is attributed to the underlying service-
>     connected disability, extra[-]schedular considera-
>     tion is foreclosed.

*Long*, 33 Vet. App. at 177–78 (internal citations omitted).

Mr. Long argues the Veterans Court erred by requiring direct causation between his ear pain and his service-connected disability. We agree.

A secondary condition is considered service connected if it is "proximately due to or the result of" a service-connected disability. 38 C.F.R. § 3.310(a). Direct causation is not required. Nothing in the regulation governing extra-schedular ratings provides otherwise. *See* 38 C.F.R. § 3.321(b)(1). And requiring direct causation would yield absurd results. For example, it would preclude an amputee from receiving benefits for pain caused by a prosthetic, even though such pain is attributable to the treatment of the service-connected loss of limb. The government concedes that this result would be contrary to precedent. Oral Arg. at 15:03–45. More broadly, the government also concedes that a secondary condition caused by the treatment of a service-connected disability is compensable. *Id.* at 14:09–45. We therefore vacate the Veterans Court's decision requiring Mr. Long to show a direct causal link between his ear pain and his service-connected hearing loss.

II

Mr. Long further argues that the Veterans Court erred by engaging in fact finding. As an appellate court, the Veterans Court cannot generally render fact findings in the first instance. 38 U.S.C. § 7252(b) ("Review in the [Veterans] Court shall be on the record of proceedings before the Secretary and the Board."); *Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000). "Fact-finding in veterans cases is to be done by the expert [Board], not by the Veterans Court." *Elkins v. Gober*, 229 F.3d 1369, 1377 (Fed. Cir. 2000).

The Veterans Court purported to review the Board's findings regarding Mr. Long's ear pain. *Long*, 33 Vet. App. at 177–78. The Board, however, made no such findings and did not mention ear pain in its decision. J.A. 32–39. The Veterans Court found in the first instance that there is no causal link between Mr. Long's ear pain and his hearing loss. *Long*, 33 Vet. App. at 177–78. While record evidence of his ear pain may be scant, Mr. Long, a pro se litigant at the time, presented sufficient evidence for the Board to make fact findings as to whether his ear pain is linked to his service-connected disability and whether it satisfies the *Thun* test for extra-schedular consideration. J.A. 67–69, 72.[1] The government argues that the Board's analysis for other symptoms applies equally to Mr. Long's ear pain, but it provides no legal or factual basis for that argument. Because the Veterans Court engaged in impermissible fact finding, we vacate and remand with instructions for the Veterans Court to remand to the Board for additional fact findings.

CONCLUSION

In sum, the Veterans Court erred in holding that direct causation between a secondary condition and an original condition is required for extra-schedular consideration of the secondary condition. The Veterans Court also erred by

---

[1] The dissent suggests that Mr. Long forfeited his arguments regarding his ear pain, and in particular whether that ear pain impacted his employment (*Thun's* second step). We do not agree. The Board failed to address Mr. Long's claim of ear pain in its entirety, therefore, its determinations regarding whether Mr. Long's other disabilities interfered with his employment is not a determination that his ear pain did not. There was no Board fact finding to appeal and Mr. Long's argument that the Board failed to address his ear pain issue in its entirety is sufficient.

engaging in fact finding.  We therefore vacate the Veterans Court's decision and remand for further proceedings.

**VACATED AND REMANDED**

COSTS

Costs to Mr. Long.

# United States Court of Appeals for the Federal Circuit

---

**WALTER G. LONG,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1669

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-1537, Senior Judge Mary J. Schoelen, Senior Judge Robert N. Davis, Chief Judge Margaret C. Bartley, Judge Amanda L. Meredith, Judge Coral Wong Pietsch, Judge Joseph L. Falvey, Jr., Judge Joseph L. Toth, Judge Michael P. Allen, Judge William S. Greenberg.

---

BRYSON, *Circuit Judge*, dissenting.

I do not disagree with the majority's analysis of the causation issue. But Mr. Long forfeited his argument that he is entitled to extra-schedular benefits for his ear pain because he failed to show "indicia of an exceptional or unusual disability picture, such as marked interference with employment or frequent periods of hospitalization." *Thun v. Shinseki*, 572 F.3d 1366, 1368 (Fed. Cir. 2009). For that

reason, the decision of the Veterans Court should be upheld.

Notably, Mr. Long's ear pain has not played a significant role in his arguments before the Board and before the Veterans Court. At the Board, the only evidence in the record regarding ear pain was approximately a page and a half of testimony during which Mr. Long mentioned that his hearing aids can cause him ear pain in loud environments. J.A. 67–69. The Board did not address Mr. Long's ear pain in its opinion, and Mr. Long did not raise the ear pain issue in his initial brief before the Veterans Court, where he was represented by counsel; he raised that issue only in his reply brief in that court. J.A. 79. And nowhere in his briefs in the Veterans Court did Mr. Long suggest that he could be eligible for benefits due to his ear pain other than on the basis of an extra-schedular rating.

After holding that Mr. Long's ear pain was not attributable to his service-connected hearing loss, the Veterans Court held in the alternative that Mr. Long's claim failed to show eligibility for extra-schedular benefits because he did not satisfy step two of the *Thun* test, which requires a showing of an "exceptional or unusual disability picture." *Long v. Wilkie*, 33 Vet. App. 167, 177–78 (2020) (en banc); *Thun*, 572 F.3d at 1368. The court held that Mr. Long's failure to "challenge any [of the Board's] findings related to *Thun*'s second step" was "fatal to his appeal." *Long*, 33 Vet. App. at 178.

In his opening brief before this court, Mr. Long did not offer any argument regarding the second step of *Thun*. In particular, he did not argue that his ear pain causes, for example, "marked interference with employment or frequent periods of hospitalization." *See Thun*, 572 F.3d at 1368. To the extent Mr. Long attempted to make such arguments in his reply brief, those arguments are forfeited. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1354 (Fed. Cir. 2011).

Instead of arguing that the second step of *Thun* was satisfied, Mr. Long argued in his opening brief before this court that the Board should have considered whether there were other means of compensation through which he might have obtained benefits for his ear pain. Appellant's Br. 25. But that argument was not made to the Veterans Court. His argument before the Veterans Court was limited to whether the Board erred in its decision not to refer his claim for extra-schedular rating consideration; he did not suggest that the Board should have considered any basis for compensation other than an extra-schedular rating.

In sum, to the extent Mr. Long contends that the Veterans Court erred in its analysis of his extra-schedular claim under *Thun* step two, he forfeited that argument by not raising it in his opening brief in this court. And to the extent he contends that the Board should have considered other alternatives besides extra-schedular rating, he forfeited that argument by not raising it before the Veterans Court. I would therefore affirm the decision of the Veterans Court on the alternative ground set forth in its opinion.